■  Irwin Sturz, Appellant, v. Aetna Casualty and Surety Company, Respondent.— In an action for judgment declaring, inter alia, that defendant is required, by the terms of a policy of insurance issued by it to plaintiff, to defend the latter in a certain action against him, he appeals from (1) an order of the Supreme Court, Westchester County, entered January 10, 1969, which denied his motion for summary judgment; (2) a further order of the same court, entered June 26, 1970, which, inter alia, dismissed the complaint after a nonjury trial; and (3) a judgment of said court, entered June 29, 1970, inter alia, adjudging that the complaint is dismissed. Order entered January 10, 1969 affirmed. Order entered June 29, 1970 and judgment modified, on the law, by striking therefrom the decretal provisions which dismissed the complaint and by substituting therefor a provision declaring that defendant is not required by the terms of the policy of insurance to defend plaintiff in the wrongful death action described in the complaint, to pay any judgment against him in that action, or to indemnify him for moneys expended by him in the defense of that action or in the prosecution of the instant action. As so modified, judgment and said order are affirmed. Respondent is awarded a single bill of costs to cover all the appeals. When in an action for declaratory judgment the plaintiff is not entitled to the declaration sought, the complaint should not be dismissed but the court should declare the parties' rights with respect to the subject matter of the litigation (Lanza v. Wagner, 11 N Y 2d 317, 334). Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■  Howard Turner, Appellant-Respondent, v. Paul Casamassimo, Respondent-Appellant, and Grace Line, Respondent.— In a negligence action to recover damages for personal injuries, (1) plaintiff appeals (a) from so much of an order of the Supreme Court, Queens County, dated May 26, 1971, as granted a motion by defendant Grace Line for summary judgment, and severed the action and (b) from the judgment of said court entered June 7, 1971 upon said order; and (2) defendant Casamassimo cross-appeals from (a) all of the same order, which also denied his motion for summary judgment, and (b) the same judgment. Order modified, on the law, by (1) striking the word "denied" from the first decretal paragraph (as to defendant Casamassimo's motion), substituting therefor the word "granted" and adding to said paragraph a provision directing the Clerk of the County of Queens to enter judgment dismissing the complaint as against said defendant; and (2) striking therefrom all the provisions directing severance of the action. Judgment modified, on the law, by (1) adding thereto a provision dismissing the complaint as against defendant Casamassimo and granting recovery to said defendant against plaintiff for costs and disbursements, to be taxed, and (2) striking therefrom all the provisions severing the action. As so modified, order and judgment affirmed, with a separate bill of $10 costs and disbursements to each defendant against plaintiff. In our opinion no actionable negligence on the part of either defendant was shown. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.